CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
OCT 09 2018
JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:15-cr-00017 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| OSMAN ROVERTO LEIVA CASTELLANOS, | ) ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Court |
| Petitioner. | ) ) | |

This matter is before the Court on Petitioner Osman Castellanos's ("Petitioner") Motion to Vacate Guilty Plea and Dismiss 18 U.S.C. § 924(c) Pending Count pursuant to Rule 12(b)(3)(B) of the Federal Rule Procedure [ECF No. 77], Motion to Vacate Pursuant to 28 U.S.C. § 2255 [ECF No. 78], and an Amended Motion to Vacate pursuant to 28 U.S.C. § 2255 [ECF No. 86], as well as the government's Motion to Dismiss Petitioner's § 2255 motions [ECF No. 95]. After briefing by the parties, I held an evidentiary hearing on September 20, 2018. Having fully considered the evidence, the record, and the argument of the parties, I will grant the government's motion and dismiss Petitioner's various motions.

I.  **STATEMENT OF FACTS AND PROCEDURAL BACKGROUND**

Petitioner was indicted in a 16-count indictment on October 15, 2015. [ECF No. 18.] On May 9, 2016, Petitioner entered into a Plea Agreement and agreed to plead guilty to Counts 1 and 15 of the indictment. [ECF No. 51.] At his guilty plea hearing, I reviewed Petitioner's plea agreement with him [see ECF No. 87], and Petitioner attested to the following statement: "My plea of guilty is made knowingly and voluntarily and without threat of any kind or without promises other than those disclosed here in open court." [ECF No. 52.] On August 2, 2016,

Petitioner was sentenced to the mandatory minimum sentences on both counts, which were required to run consecutively. See 18 U.S.C. § 924(c)(1)(D)(ii).

In November of 2016, Petitioner filed two motions to vacate; one was pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B) [ECF No. 77], and the other was pursuant to 28 U.S.C. § 2255 [ECF No. 78]. On May 8, 2018, Petitioner filed an amended motion to vacate pursuant to § 2255 [ECF No. 86]. Because one of Petitioner's claims asserted ineffective assistance of counsel and was based on Petitioner's contention that his attorney failed to note an appeal on his behalf after Petitioner instructed him to do so, I held an evidentiary hearing on September 20, 2018. Both Petitioner and his trial attorney, Corey Diviney, testified.

After reviewing the briefs and submissions of the parties, as well as hearing all the evidence, this matter is ripe for disposition.

II. **STANDARD OF REVIEW**

Courts and the public can presume that a defendant stands fairly and finally convicted after conviction and exhaustion, or waiver, of any right to appeal. See United States v. Frady, 456 U.S. 152, 164 (1982). Nevertheless, federal convicts in custody may attack the validity of their federal sentences via 28 U.S.C. § 2255. "Section 2255 cures jurisdictional errors, constitutional violations, proceedings that resulted in a complete miscarriage of justice, or events that were inconsistent with the rudimentary demands of fair procedure." United States v. Martinez-Romero, No. 4:10-cr-20, 2012 WL 4470454, at *5 (W.D. Va. July 12, 2012) (citing United States v. Timmreck, 441 U.S. 780, 784 (1979)) (Report & Recommendation), adopted by 2012 WL 4459553 (W.D. Va. July 30, 2012). In a § 2255 motion to vacate, set aside, or correct a sentence, Petitioner bears the burden of proving that: (1) the district court imposed a sentence in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to

- 2 -

Case 4:15-cr-00017-JLK   Document 101   Filed 10/09/18   Page 2 of 8   Pageid#: 452

impose a sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a) (2018).

### III. DISCUSSION

Petitioner's two Motions to Vacate [ECF Nos. 78 & 86] raise similar arguments, and the record is unclear if Petitioner's amended motion to vacate supplanted ECF No. 78. Nevertheless, for the reasons stated herein, neither is meritorious.

A. Motion to Dismiss Indictment

Before addressing the § 2255 motion to vacate, I note that Petitioner's Fed. R. Crim. P. 12(b)(3)(B) motion is untimely.[1] According to the rule he cites, a motion to dismiss the indictment on grounds that there is a defect in the indictment "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3). Although a court is permitted to entertain the motion "if the party shows good cause," Fed. R. Crim. P. 12(c)(3), no such cause exists. Accordingly, the motion is untimely and will be dismissed. Accord Davis v. United States, 411 U.S. 233, 240–43 (1973).

B. 28 U.S.C. § 2255 Motion to Vacate

As to Petitioner's § 2255 motions, Petitioner makes several arguments. Because only the ineffective assistance of counsel claim was not waived in his Plea Agreement, only the merits of that claim will be addressed.

1. *Ineffective Assistance of Counsel*

Petitioner asserts that, after his sentencing, he directed his attorney, Corey Diviney, to file an appeal but Diviney failed to do so. "An attorney who fails to file an appeal after being

---

[1] I make this conclusion even though Petitioner has waived his right to collaterally attack his sentence, as discussed *infra* § III.B.2.

instructed by his client to do so is *per se* ineffective." United States v. Witherspoon, 231 F.3d 923, 926–27 (4th Cir. 2000) (citing Roe v. Flores-Ortega, 528 U.S. 470, 477–79 (2000)). A petitioner asserting such a claim need only show "that . . . counsel was ineffective and . . . but for counsel's ineffectiveness, as appeal would have been filed." Id. An attorney plainly acts unreasonably when he fails to file a notice of appeal after being directed to do so, and an attorney is plainly reasonable when he fails to file a notice of appeal after his client has told him *not* to do so. Flores-Ortega, 528 U.S. at 477.

Here, Petitioner asserted in his pleadings that he instructed his attorney to file a notice of appeal, despite the clear waiver of appellate rights in his plea agreement. (See Plea Agreement ¶ D.1, May 6, 2016 [ECF No. 51]; Plea Tr. 17:25–19:13, May 9, 2016 [ECF No. 87].) At the evidentiary hearing on this issue, however, he did not make a similar claim. Rather, he asserted that, after his sentencing, he discussed the sentence he received with his attorney, his attorney told him the sentence was "correct," and after returning to prison he discovered "similar cases" with lower sentences.[2] At no point in his testimony, however, did Petitioner testify that he instructed his attorney to file a notice of appeal. In contrast, Diviney testified that Petitioner never instructed him to file an appeal.

Based on the evidence before the court, I conclude that Petitioner did not request that his attorney file an appeal on his behalf. Moreover, Petitioner's own testimony establishes that his attorney "consulted with the defendant about an appeal." Flores-Ortega, 528 U.S. at 478. Under these circumstances, by consulting with Petitioner about the propriety of an appeal and ascertaining his wishes, Petitioner's trial attorney was not ineffective. See id. Accordingly,

---

[2] I note that Petitioner was sentenced to the mandatory minimum sentences on both counts. At his plea hearing, Petitioner was informed of the mandatory minimum sentences and was advised that any sentences would be required to run consecutively. (Plea Tr. 3:25–4:23.)

- 4 -

Case 4:15-cr-00017-JLK   Document 101   Filed 10/09/18   Page 4 of 8   Pageid#: 454

Petitioner's Motions to Vacate based on ineffective assistance of counsel are without merit and will be dismissed.

2. *Waiver of Collateral Attack*

In his plea agreement, Petitioner waived all other grounds of collateral attack against his sentence. (Plea Agmt. ¶ D.2 [ECF No. 51].)

A guilty plea, and any agreement made pursuant to it, must be made knowingly, voluntarily, and intelligently. Boykin v. Alabama, 395 U.S. 238 (1969). A defendant must know the direct consequences of a guilty plea, including the actual value of any commitments made by him, in order to plead voluntarily. See United States v. White, 366 F.3d 291, 298 (4th Cir. 2004). A court must inform the defendant and ensure that he understands the nature of the charges against him and the consequences of pleading guilty. Fed. R. Crim. P. 11; United States v. Damon, 191 F.3d 561, 564 (4th Cir. 1999). For example, a court must discuss the nature of the charges, the rights forfeited by pleading guilty, the penalties that could be imposed, and certain other terms or conditions of the plea agreement before establishing that a defendant is entering his or her plea free from force, threats, or promises made outside the agreement. Fed. R. Crim. P. 11(b)(1)–(2).

During his guilty plea hearing, Petitioner testified that he understood the plea agreement and its constituent parts, including the right to collaterally attack his sentence:

> THE COURT: Then, under paragraph D, "Additional Matters," subparagraph one, "Waiver of Right to Appeal" – Mr. Castellanos, before you signed your plea agreement, did you know that you would have an absolute right to appeal to a higher court if you wanted to?
>
> THE DEFENDANT: Yes, I understand.
>
> THE COURT: You knew you had that right?

- 5 -

Case 4:15-cr-00017-JLK   Document 101   Filed 10/09/18   Page 5 of 8   Pageid#: 455

THE DEFENDANT: Yes.

THE COURT: And now, under paragraph (d)(1), you have expressly waived that right. You understand that.

THE DEFENDANT: Yes.

THE COURT: Except for some limited circumstances, that right is gone. You no longer have it. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Then the next paragraph, on page eight, "Waiver of Right to Collaterally Attack." Did you know that you, under certain circumstances, could have had that right?

THE DEFENDANT: Yes, I understand.

THE COURT: Do you know what a collateral attack is? This is a trick question.

THE DEFENDANT: More or less.

THE COURT: I doubt it.
It means, Mr. Castellanos, once you are convicted and your right to appeal is gone – you have waived that – and you might be sitting in a prison somewhere and thinking about your case and decide something wrong was done, and that wrong would have been grounds for a collateral attack, that is, to come back to court and challenge that – do you understand what it is now?

THE DEFENDANT: Yes.

THE COURT: Now you have waived that.

THE DEFENDANT: Yes.

THE COURT: The bottom line is, Mr. Castellanos, by waiving your right to appeal and by waiving your right to collaterally attack, this court is the end of the road for you. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: If you are disappointed or dissatisfied, you have nowhere to turn. You understand that?

THE DEFENDANT: Yes.

(Plea Tr. 17:25–19:13, May 9, 2016 [ECF No. 87].) In addition, at his guilty plea hearing, Petitioner asserted that he had the opportunity to review the indictment with his attorney, that he and his attorney discussed any possible defenses he might have, that entering a guilty plea was his best option, and that he had no complaints about his attorney's performance. (Id. 9:4–16.) He also testified that he read and understood the plea agreement to which he agreed. (Id. 13:5–16.) While reviewing a copy of the plea agreement, I discussed all the relevant portions with Petitioner. At no point did Petitioner indicate that he did not understand his agreement or that he did not wish to enter into the agreement.

Petitioner's declarations in open court that he understood the plea agreement, as well as its provision waiving his right to collaterally attack his sentence, are binding. Because he entered into the plea agreement knowingly and voluntarily, he is bound by its terms. With the exception of his claim of ineffective assistance of counsel (see Plea Agmt. ¶ D.2 [ECF No. 51]), Petitioner has waived all other grounds of collateral attack. His Motions to Vacate will be dismissed.

## IV. CONCLUSION

The evidence establishes that Petitioner never instructed his attorney to file an appeal on his behalf, and thus Petitioner has failed to show that his attorney was ineffective for failing to file an appeal. All other grounds for collateral attack were knowingly, intelligently, and voluntarily waived in Petitioner's plea agreement and at his guilty plea hearing. Accordingly, Petitioner's various motions to overturn his sentence will be dismissed.

The clerk is instructed to forward a copy of this Memorandum Opinion and accompanying Order to Petitioner and all counsel of record.

**ENTERED** this 9th day of October, 2018.

                                                s/Jackson L. Kiser
                                                SENIOR UNITED STATES DISTRICT JUDGE