CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

DEC 06 2021

JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
     DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# DANVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | Case No. 4:15CR00017-001 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **OSMAN ROVERTO** ) | JUDGE JAMES P. JONES |
| **LEIVA CASTELLANOS,** ) | |
| ) | |
| Defendant. ) | |

*Maggie Cleary, Assistant United States Attorney, Roanoke, Virginia, for United States; Osman Roverto Leiva Cstellanos, Pro Se Defendant.*

The defendant has filed a pro se motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons set forth hereafter, it is **ORDERED** that the motion, ECF No. 110, is DENIED.[1]

The defendant was sentenced by the late Senior District Judge Jackson L. Kiser of this court by judgment entered August 2, 2016, to 120 months imprisonment, consisting of 60 months on Counts 1 and 15 of the Indictment, to be served consecutively. He is currently 38 years old and is incarcerated at FCI Sheridan, with a projected release date of April 28, 2024. The grounds of the

---

[1] The court appointed the Federal Public Defender to represent the defendant as to this motion, but that office declined to do other than file his prison medical records and request that the defendant be allowed to proceed pro se. Resp., Oct. 14, 2021, ECF No. 114.

defendant's motion are (1) his fear of contracting COVID-19; (2) the conditions of his confinement are harsher than usual due to pandemic restrictions; (3) he has a good prison record; (4) he will be deported upon his release to his home country of Honduras; (5) his grandfather recently passed away leaving the responsibility of the family to his elderly grandmother; (6) he his remorseful for his criminal conduct; and (7) he had no prior criminal history.

The governing statute provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has not issued any applicable policy statements after the statute was amended by the First Step Act in 2018. The Fourth Circuit has held in *United States v. McCoy*, 981 F.3d 271, 284, 286 (4th Cir. 2020), that when deciding a compassionate release motion, a district court may consider any extraordinary and compelling reason raised by the defendant. In exercising my discretion under § 3582(c)(1)(A)(i), I must consider the principles set forth in *United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021), *cert. denied*, No. 21-5624, 2021 WL 4733616 (U.S. Oct. 12, 2021), including the factors described in 18 U.S.C. § 3553(a), to the extent they are applicable.

In order to find the defendant eligible for compassionate release, I must first find that there is an "extraordinary and compelling reason[]" justifying such relief. 18 U.S.C. § 3582(c)(1)(A)(i).  The defendant presents no such reason.

Leiva Castellanos' concern over contracting COVID-19 does not justify granting his motion.  He has not argued that he possesses preexisting conditions that put him in the at-risk category from COVID-19 complications, although his prison medical records indicate he is obese, which in a factor that is recognized as a risk factor.  Nevertheless, he was inoculated on July 28, 2021, Bureau of Prisons, *Health Services Immunizations* 37, ECF No. 117, against the virus with a Johnson & Johnson Janssen vaccine which the Centers for Disease Control and Prevention indicates is effective at preventing COVID-19-induced serious illness.  Centers for Disease Control and Prevention, *Different COVID-19 Vaccines* (updated Nov. 24, 2021),   https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines.html  (last visited Dec. 4, 2021).

The harshness of prison conditions caused by pandemic restrictions cannot constitute an extraordinary and compelling reason for release, as they effect every federal prisoner.

Leiva Castellanos' alleged rehabilitation and remorse is not an extraordinary and compelling reason either.  To find otherwise would transform the compassionate release statute into a parole statute, contrary to the legislature's abolition of parole

for federal inmates more than three decades ago.  His eventual deportation and family situation there likewise does not present an extraordinary and compelling reason justifying his early release, particularly in light of the serious nature of his criminal conduct for which he was sentenced.

Considering the foregoing facts, as well as those set forth in § 3553(a), I find that the defendant is not qualified for such extraordinary relief.

ENTER: December 6, 2021

/s/  JAMES P. JONES
Senior United States District Judge